RECEIVED
APR 22 2014
AT 8:30_____M
WILLIAM T WALSH CLERK

NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Jonathan SANTORO and Katherine SANTORO, | |
| Plaintiffs, | Civ. No. 10-3281 |
| v. | OPINION |
| UNIQUE VACATIONS, INC., et al., | |
| Defendants. | |

THOMPSON, U.S.D.J.

## I. INTRODUCTION

This matter is before the Court upon two motions for summary judgment: (1) Unique Vacations, Inc. and Sandals Resort International, Ltd.'s motion for summary judgment, (Docket No. 37); and (2) Plaintiffs' cross motion for partial summary judgment, (Docket No. 44). The Court has decided the matter upon consideration of the parties' written submissions and oral arguments. For the reasons set forth below, Defendants' motion is granted in part and denied in part and Plaintiffs' cross motion for summary judgment is denied.

## II. BACKGROUND

This is a diversity case arising out of a motor vehicle accident. The accident occurred on July 13, 2008 while Plaintiffs were traveling from the airport to Sandals Regency La Toc Golf Resort & Spa in a vehicle operated by Vallins Don C. Jean ("Jean"), a Defendant in this case.

**(1)** *The Defendants seeking summary judgment*

Defendant Unique Vacations, Inc. ("Unique") is a Delaware corporation that provides marketing services to a group of hotels, which do business under the trade names "Sandals" and "Beaches." (Docket No. 37, Gonzalez Decl. ¶ 2). Unique does not own, operate, manage, or control Southern Taxi Association. (*Id.* at ¶ 7-10). No employee of Unique chose the vehicle in which the Plaintiffs traveled or its operator. (*Id.* at ¶ 13). Unique does not own the vehicle involved in the accident. (*Id.* at ¶ 14). The operator of the vehicle, Defendant Jean, was not employed by Unique. (*Id.* at ¶ 15).

Defendant Sandals Resorts International, Ltd. ("SRI") provides overall management services to a group of hotels which do business under the trade names "Sandals" and "Beaches." (Docket No. 37, Fray Decl. ¶ 2). SRI does not own, operate, manage, or control Southern Taxi Association. (*Id.* at ¶ 7-10). No employee of SRI chose the vehicle in which the Plaintiffs traveled or its operator. (*Id.* at ¶ 13). SRI does not own the vehicle involved in the accident. (*Id.* at ¶ 14). The operator of the vehicle, Defendant Jean, was not employed by SRI. (*Id.* at ¶ 15).

**(2)** *Plaintiffs' purchase of the vacation package*

Plaintiff Jonathan Santoro testified that Plaintiffs used Lynne Current ("Current"), a travel agent, to arrange Plaintiffs' vacation. (Docket No. 37, Ex. F, at 6:12-7:2). Plaintiffs received an invoice pertaining to their stay at Sandals Regency La Toc Golf Resort & Spa in St.

Lucia, which states the following:

> **Limitation of Damages:** Unique Vacations, SRI [Sandals Resorts International, Ltd.], any hotel or hotel management company, their affiliates, subsidiaries, directors, officers, and employees, shall not be liable to guest in any circumstances, for: (A) any personal injuries or property damage arising out of or caused by any act or omission on the part of any air carrier or ground transportation carrier; (B) emotion distress, mental suffering, or psychological injury of any kind; or (C) any consequential, incidental, punitive, or exemplary damages.

(Docket No. 37, Stmt. of Undisputed Facts, ¶ 20).

Current received at least one copy of the invoice pertaining to Plaintiffs' vacation to Sandals Regency La Toc Golf Resort & Spa in St. Lucia. (Docket No. 37, Ex. D). Current testified that she gave Plaintiffs "anything" she received from Unique. (Docket No. 37, Ex. E, at 37:19-38:16).

**(3)** *Plaintiffs' accident in St. Lucia*

Before Plaintiffs went on their trip, Unique provided Plaintiffs with vouchers for a taxi from the airport to Sandals Regency La Toc Golf Resort & Spa in St. Lucia. (Docket No. 44, Ex. 4). When Plaintiffs arrived at the airport in St. Lucia on July 13, 2008, they went to a desk with a Sandals sign and spoke to the representative at the desk. (Docket No. 44, Ex. 1, answer 1). The representative at the desk was named Karan Alexander. (Docket No. 44, Ex. 6, Alexander Dep. T 14:22-15:14, 17:6-8).[1] Plaintiffs gave the taxi vouchers to Alexander. (Docket No. 44, Ex. 7). Alexander placed Plaintiffs in a taxi operated by Defendant Jean. (Docket No. 4, ¶ 12).

The taxi operated by Defendant Jean was owned by Defendant Jean or Defendant Southern Taxi Association. (*Id.*). While Plaintiffs were en route to Sandals Regency La

---

[1] In her position as airport representative, Karan Alexander is "in charge of meeting the Sandals' [sic] guests and placing them on a taxi." (Docket No. 44, Joworisak Decl. Ex. 4, Alexander Dep. T 14:22-15:14, 17:6-8). Alexander is an employee of Ciceron Management, Ltd. (*Id.*).

Toc Golf Resort & Spa in St. Lucia in Defendant Jean's cab, Defendant Jean fell asleep. (*Id.* at ¶ 25). The vehicle ran off the road causing Plaintiffs to suffer bodily injuries. (*Id.*).

### III. DISCUSSION

*A. Legal Standard*

On a motion for summary judgment, the moving party will prevail if it establishes that there is no genuine issue as to any material fact and it is entitled to judgment as a matter of law. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986) (existence of a factual dispute will not defeat summary judgment; rather, the dispute must be genuine and the fact must be material); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A question of fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

*B. Analysis*

The Amended Complaint includes claims for negligence, breach of contract, breach of implied contract, breach of express warranty, breach of implied warranty, and negligent misrepresentation. (Docket No. 4). The Court will analyze Plaintiffs' claims in the following order: (1) negligence; (2) breach of contract and breach of implied contract; (3) breach of express warranty and breach of implied warranty; and (4) negligent misrepresentation.

**(1)** *Plaintiffs' claim for negligence*

To sustain a cause of action for negligence, a plaintiff must prove four core elements: "(1) [a] duty of care, (2) [a] breach of [that] duty, (3) proximate cause, and (4) actual damages." *Polzo v. Cnty. of Essex*, 196 N.J. 569, 584 (2008). Plaintiffs cannot sustain a cause of action for negligence in this case for two reasons: (1) Plaintiffs cannot prove Defendants owed Plaintiffs a duty; and (2) the limitation provision in the vacation invoice prevents Defendants from being held liable for damages resulting from the negligence of a ground transportation carrier.

**(a)** <u>Plaintiffs cannot prove the Defendants' owed Plaintiffs a duty</u>

Under New Jersey law, there is no bright line rule that determines when one owes a legal duty to prevent a risk of harm to another. *Badalamenti v. Simpkiss*, 422 N.J. Super. 86, 94 (App. Div. 2011). "Whether a legal duty is owed and the scope of that duty is generally a matter of law for the courts to decide on a case by case basis." *Wlasiuk v. McElwee,* 334 N.J.Super. 661, 666 (App.Div.2000) (citing *Carvalho v. Toll Bros. & Developers,* 143 N.J. 565, 572 (1996)). When analyzing whether a legal duty is owed, the Court must consider a variety of factors including the following: "(1) the relationship of the parties; (2) the nature of the attendant risk; (3) the ability and opportunity to exercise control; (4) the public interest in the proposed solution; and, most importantly; (5) the objective foreseeability of harm." *Id*.

Here, Unique and SRI had no role in the ownership, operation, or management of the vehicle in which Plaintiffs traveled. Further, the driver of the vehicle was not an employee or under the control of Unique or SRI. There is no evidence in the record to the contrary. Accordingly, the Court finds that, as a matter of law, Unique and SRI did not owe Plaintiffs any legal duty when Plaintiffs were in Defendant Jean's vehicle.

> **(b)** <u>The limitation provision in the vacation invoice prevents Defendants from being held liable for damages resulting from the negligence of a ground transportation carrier</u>

In addition, Plaintiffs' invoice for their vacation states the following:

> **Limitation of Damages:** Unique Vacations, SRI [Sandals Resorts International, Ltd.], any hotel or hotel management company, their affiliates, subsidiaries, directors, officers, and employees, shall not be liable to guest in any circumstances, for: (A) any personal injuries or property damage arising out of or caused by any act or omission on the part of any air carrier or ground transportation carrier; (B) emotion distress, mental suffering, or psychological injury of any kind; or (C) any consequential, incidental, punitive, or exemplary damages.

(Docket No. 37, Stmt. of Undisputed Facts, ¶ 20).

Defendants' limitation provision is enforceable. *See Slotnick v. Club ABC Tours, Inc.*, 430 N.J. Super. 59 (Law. Div. 2012) (holding that limitation provisions disclaiming travel agents' and tour operators' liability for the negligence of independent suppliers of services are enforceable).

Here, Plaintiffs received an invoice stating that Defendants shall not be liable for "any personal injuries or property damage arising out of or caused by any act or omission on the part of any . . . ground transportation carrier." (Docket No. 37, Stmt. of Undisputed Facts, ¶ 20). According to the plain language of the limitation provision, Defendants cannot be held liable for the negligence of Defendant Jean in this case.

> **(c)** <u>Plaintiffs' claim that Alexander is an agent of SRI</u>

Plaintiffs claim that SRI should be held liable for Defendant Jean's negligence because Alexander was an agent of SRI and placed Plaintiffs in Defendant Jean's taxi. The Court does not agree.

Plaintiffs claim that Alexander was an agent of SRI under a theory of apparent authority. To establish apparent authority, a party must show the following: "(1) the appearance of

6

authority has been created by the conduct of the alleged principal and not solely by the conduct of the putative agent; (2) a third party has relied on the agent's apparent authority to act for a principal; and (3) the reliance was reasonable under the circumstances." *Mayflower Transit, LLC v. Prince*, 314 F. Supp. 2d 362, 374 (D.N.J. 2004). Apparent authority "cannot be based solely upon the representations of the alleged agent. Instead, a finding of apparent authority must be based on the actions of the alleged principal." *Gianfredi v. Hilton Hotels Corp., Inc.*, CIVA 08-5413 (PGS), 2010 WL 1381900, *10 (D.N.J. Apr. 5, 2010) *report and recommendation adopted,* CIV.A. 08-5413 (PGS), 2010 WL 1655635 (D.N.J. Apr. 22, 2010).

Plaintiffs do not point to any action taken by SRI to support their allegations of agency. Because a finding of apparent authority cannot be based solely on representations of the putative agent, Plaintiffs' allegations are insufficient to support an agency relationship between SRI and Alexander. *Id.*

Accordingly, summary judgment is entered in favor of Defendants with respect to Plaintiffs' claim of negligence.

**(2)** *Plaintiffs' claim for breach of contract and breach of implied contract*

In the Amended Complaint, Plaintiffs claim that Defendants are liable for breach of contract and breach of implied contract. (Docket No. 4 at ¶ 36). To sustain a claim for breach of contract, Plaintiff must show the following: "(1) the parties entered into a contract that contained certain terms; (2) the promisee satisfied the terms of the contract; (3) the promisor failed to satisfy at least one term of the contract; and (4) the breach caused the promisee to suffer a loss." *Cargill Global Trading v. Applied Dev. Co.*, 706 F.Supp.2d 563, 579 (D.N.J.2010).

Here, there is no evidence in the record that Plaintiffs entered into a contract with Defendants. Accordingly, summary judgment is entered in favor of Defendants with respect to

Plaintiffs' claims for breach of contract and breach of implied contract. *See Torske v. DVA Health & Nutrition GmbH,* CIV.A. 11-3609 MAS, 2013 WL 1848120 (D.N.J. Apr. 30, 2013)("Plaintiff must show the parties entered into a contract.").

**(3)** *Plaintiffs' claims for breach of express warranty and breach of implied warranty*

In the Amended Complaint, Plaintiffs claim that Defendants are liable for breach of express warranty and breach of implied warranty. Plaintiffs' claim is based on Defendants' promise that Plaintiffs' trip would be "safe and worry free." (Docket No. 4 at ¶ 50).

Plaintiffs cannot bring a breach of warranty claim against tour operators premised on allegations that the tour operators "guarantee[d] a trip free of harm." *Slotnick,* 430 N.J. Super. at 72 (A tour operator's "general promise that the trip would be safe and reliable does not guarantee that no harm would befall plaintiff."); *see also Lavine v. Gen. Mills, Inc.*, 519 F. Supp. 332, 335 (N.D. Ga. 1981) (holding that a general promise that a trip would be safe and reliable does not constitute a guarantee that no harm would befall plaintiff.

Accordingly, Plaintiffs cannot sustain their claims for breach of warranty or breach of implied warranty.

**(4)** *Plaintiffs' claims for negligent misrepresentation*

In the Amended Complaint, Plaintiffs claim that Defendants are liable for negligent misrepresentation. Plaintiffs' claim is based on Defendants' representations that they would provide safe transportation from the airport to the hotel. (Docket No. 4 at ¶ 65).

To prove a claim of negligent misrepresentation under New Jersey law, the plaintiff must demonstrate the following: "(1) the defendant negligently provided false information; (2) the plaintiff was a reasonably foreseeable recipient of that information; (3) the plaintiff justifiably relied on the information; and (4) the false statements were a proximate cause of the plaintiff's

damages." *Bonnieview Homeowners Ass'n v. Woodmont Builders, L.L.C.*, 655 F. Supp. 2d 473, 517-18 (D.N.J. 2009)(quoting *McCall v. Metropolitan Life Ins.*, 956 F.Supp. 1172, 1186 (D.N.J.1996)).

Defendants claim that they are entitled to summary judgment because Defendants' statements were not made with scienter or an intent to deceive. (Docket No. 49, Defendants' Brief, at 13) ("Finally, Plaintiffs' claim for negligent misrepresentation (Count VIII), fails because statements as to future events do not constitute misrepresentations despite eventual falsity because the statements were not made with the intent to deceive.")[2]. However, intent to deceive is not an element of negligent misrepresentation. *Bonnieview Homeowners Ass'n v. Woodmont Builders, L.L.C.*, 655 F. Supp. 2d 473, 517 (D.N.J. 2009) ("The elements of negligent misrepresentation are essentially the same as those of common law fraud except negligent misrepresentation does not require scienter."). Accordingly, Defendants' motion for summary judgment is denied with respect to Plaintiffs' claim for negligent misrepresentation.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion is denied in part and granted in part and Plaintiffs' motion is denied. An appropriate order will follow.

ANNE E. THOMPSON, U.S.D.J.

Date: 4/22/14

---

[2] This quote is Defendants' entire argument as to why Defendants are entitled to summary judgment on Plaintiffs' negligent misrepresentation claim.